UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANDRAS GRUBER,

    Plaintiff,

  v.

OREGON HEALTH AND SCIENCE
UNIVERSITY, and DANNY JACOBS,

    Defendants.

Case No. 3:23-cv-01902-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge.

**FINDINGS**

  In this action, plaintiff Andras Gruber alleges a Title IX claim pursuant to 20 U.S.C. §

1681(a) against defendant Oregon Health and Science University ("OHSU") and a Fourteenth

Amendment due process claim pursuant to 42 U.S.C. § 1983 against defendant Danny Jacobs,

President of OHSU. Compl., ECF 1. Defendants have filed a motion to dismiss both claims for

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

Procedure 12(b)(6). Mot. Dismiss, ECF 11. Defendants argue that both claims are untimely

under the statute of limitations and barred by the doctrine of claim preclusion. *Id.* As discussed

below, claim preclusion bars plaintiff's claims; therefore, it is unnecessary to consider

defendants' argument that plaintiff's claims are untimely, and plaintiff's case should be dismissed with prejudice.

## I.    Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept "all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court is not required to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). The court is also not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

## II.    Claim Preclusion Standard

It is well settled "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see, e.g.*, *Lange v. Nickerson*, 604 F. App'x 561 (9th Cir. 2015) (citing *Migra* in applying the state's *res judicata* rules to bar the plaintiff's § 1983 claim that was not raised in an earlier state court action). Here, the judgment at issue is from the state of Oregon. "In determining the

preclusive effect of a state administrative decision or a state court judgment, [federal courts] follow the state's rules of preclusion." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). Therefore, Oregon rules regarding claim preclusion apply.[1]

Under Oregon's claim preclusion rules, if a plaintiff obtains a final judgment, the plaintiff may not bring another action against that same defendant if the subsequent action was based on the "same factual transaction" at issue in the first action, "seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Drews v. EBI Companies*, 310 Or. 134, 140 (1990) (quoting *Rennie v. Freeway Transp.*, 294 Or. 319, 323 (1982)). For a judgment to have preclusive effect, it must be a final judgment on the merits. *Rennie*, 294 Or. at 330. A dismissal with prejudice operates as an adjudication on the merits and precludes a subsequent action. *Wall v. Ash*, 328 Or. App. 22, 24 (2023).

"Claim preclusion does not require actual litigation of an issue of fact or law" but the "opportunity to litigate is required, whether or not it is used." *Drews*, 310 Or. at 140. To the extent that a factual transaction can give rise to various grounds for a claim, the plaintiff is required to seek and exhaust "all alternative grounds or theories for recovery" in the earlier state court action. *Benafel v. Williams Nw. Pipeline*, 750 F. App'x 530, 532 (9th Cir. 2018) (quoting *Rennie*, 294 Or. at 323 (quoting *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 194 (1975)).

## III.    Judicial Notice

"[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). A court may also take judicial notice of complaints and briefs filed in another case to determine the issues that were before that court and actually litigated, but

---

[1] At the hearing on the motion, the parties agreed that Oregon's claim preclusion rules apply.

may not take facts in those documents as being established in the case currently before the court. *Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262, 1269 (D. Or. 2019).

Here, the court takes judicial notice of plaintiff's state complaint, plaintiff's amended state complaint, and the state court's judgment on that matter, all of which were provided by defendants in their declaration supporting their motion to dismiss. These documents show that plaintiff previously filed an action in Oregon state court against OHSU, among other defendants. Defs.' Decl., Ex. 3, ECF 12-3. That action consisted of tort claims for defamation *per se* and libel *per se*, defamation, and false light. *Id.* at 10–14. The state court granted summary judgment in favor of the defendants and the case was dismissed with prejudice. Defs.' Decl., Ex. 4, ECF 12-4.

## IV.  Discussion

At the outset, it is readily apparent that two of Oregon's claim preclusion requirements have been met: the previous action reached a final judgment on the merits and plaintiff's current action seeks additional remedies. The prior lawsuit in state court was brought to final judgment on the merits because the state court granted summary judgment for defendants and dismissed the case with prejudice. Defs.' Decl., Ex. 4, ECF 12-4. Also, the remedies sought in this case are additional to those sought by plaintiff in his prior state court action. In the state action, plaintiff sought damages, an injunction, and an order for defendants to issue a correction to all individuals and institutions to which defendants provided false and misleading information for his claims of defamation *per se*, libel *per se*, defamation, and false light. Defs.' Decl., Ex. 3 at 10–14, ECF 12-3. Here, plaintiff is seeking damages and an injunction for claims that defendants violated Title IX and deprived him of due process. Plaintiff's request for injunctive relief in this case include, among other requests, expunging his record with respect to the misconduct complaint and

removing any record of the investigation's finding and/or his suspension from his personnel records. Compl. 28–29, ECF 1. Neither of these requests were made in plaintiff's state court complaint. Defs. Decl., Ex. 3 at 15–16, ECF 12-3. Plaintiff does not argue that either of these claim preclusion requirements have not been met.

This leaves three issues that must be resolved to determine the preclusive effect of the state court's judgment: (1) whether the defendants here are the same as those in the state court proceeding; (2) whether this action is based on the same factual transaction as the state court action; and (3) whether plaintiff could have brought these claims in a single proceeding in the earlier state court action.

### A.    Same Parties

There is no dispute that OHSU, the named defendant in plaintiff's Title IX claim, was a party to plaintiff's previous state tort claims. Compl., ECF 1; Defs.' Decl., Ex. 3, ECF 12-3. Plaintiff argues that claim preclusion should not apply to defendant Jacobs, who is president of OHSU and the named defendant in the present § 1983 claim, because Jacobs was not previously named in the state court case. Pl.'s Resp. 12, ECF 16.

 Oregon claim preclusion rules protect parties who are in privity with those who were parties to the prior litigation. *Secor Invs., LLC v. Anderegg*, 188 Or. App. 154, 167 (2003). "Defendants do not have to be identical, rather it is enough that they were in privity." *Harrington v. Ward*, No. CIV.06-460-CL, 2007 WL 2816214, at *4 (D. Or. Sept. 27, 2007). Decisions in this district have held that employees are in privity with their employers when the challenged conduct is within the scope of employment. *See Gleason v. Gilmour*, No. 08-CV-552-BR, 2010 WL 5017930, at *3–4 (D. Or. Dec. 3, 2010) (finding employees of the Oregon Racing Commission named in a § 1983 claim were in privity with their employer for purposes of *res judicata*); *Hagel*

*v. Portland State Univ.*, No. CV 04-1770-BR, 2005 WL 1502884, at *5 (D. Or. June 9, 2005) (finding employees of Portland State University acting in the scope of their employment were in privity with their employer with respect to the preclusive effect of a previous state court action against the university on the plaintiff's § 1983 claim), *rev'd in part*, 237 F. App'x 146, 148 (9th Cir. 2007) (reversing the dismissal because the Oregon Court of Appeals subsequently reversed the judgment upon which the district court relied). Other courts in the Ninth Circuit have also found that an employer-employee relationship establishes privity. *See Chunhye Kim Lee v. Arizona Bd. of Regents*, 633 F. App'x 453, 454 (9th Cir. 2016) (affirming the district court's finding that claim preclusion barred the claim, in part, because the "employer-employee relationship satisfies the claim preclusion privity requirement"); *K. H. v. Olympia Sch. Dist.*, 726 F. App'x 599, 600 (9th Cir. 2018) (finding that *res judicata* barred a federal action against individual defendants because as employees, they were in privity with a school district, which already obtained a favorable judgment in state court); *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011) (finding that individuals acting within the scope of employment were in privity with their employer, who was a party to an earlier state court action); *Escareno v. Sherman*, No. 119CV00881BAMPC, 2019 WL 5260425, at *4 (E.D. Cal. Oct. 17, 2019) (finding an individual defendant was in privity with his employer, California Department of Corrections and Rehabilitation, for purposes of precluding the plaintiff's § 1983 action).

As president of OHSU, Jacobs is an employee of OHSU, and plaintiff points directly to Jacobs's role and responsibilities as an OHSU official in the complaint. Plaintiff's asserts that "Jacobs was responsible for implementing the policies and procedures at issue in Plaintiff's case" and "Jacobs was responsible for implementing and maintaining the OHSU Office of

Conduct and OHSU Public Safety, including the general counsel and investigators, overseeing their work and ensuring OHSU's compliance with Title IX and other applicable laws." Compl. ¶¶ 153–54, ECF 1. Accordingly, to the extent the prior state action has preclusive effect in this matter, it protects Jacobs as well as OHSU.

>        **B.    Same Factual Transaction**

Under Oregon law, to have preclusive effect, the second action must "be based on the same factual transaction as that at issue in the first." *Allison v. Dolich*, No. 3:14-CV-01005-AC, 2019 WL 921436, at \*10 (D. Or. Feb. 25, 2019). The same factual transaction is not limited to a single transaction and can consist of a series of "connected transactions." *Whitaker v. Bank of Newport*, 313 Or. 450, 455 (1992). The Oregon Supreme Court has observed that what constitutes a series of connected transactions "is not capable of a mathematically precise definition" and thus requires a pragmatic approach. *Troutman v. Erlandson*, 287 Or. 187, 206 (1979) (quoting Restatement (Second) of Judgments § 24 cmt. B (Am. L. Inst. 1982)). Accordingly, Oregon courts have identified the following factors for deciding whether a series of acts belong together for claim preclusion purposes: "time, space, origin, motivation, the similarity of the acts, and whether the events form a convenient trial unit." *Allison*, 2019 WL 921436 at \*11 (quoting *Eli v. Lampert*, 194 Or. App. 280, 285–86 (2004)).

Time is a significant factor and pertains to how "closely related in time" the facts alleged in the two actions are. *Whitaker*, 313 Or. at 456. If the events that gave rise to the second action occurred before the first claim was brought, then it creates a strong argument for claim preclusion. *Id.* Here, plaintiff filed the initial complaint in state court on January 12, 2023, and all facts that form the basis for plaintiff's present claim took place before that date. *See* Defs.'

Decl., Ex. 2. at 22, ECF 12-2; Compl., ECF 1. Therefore, the time factor plainly favors

preclusion.

Space "is related to the [time factor]." *Whitaker*, 313 Or. at 456. If the events giving rise

to one claim are "physically far removed" from the events of the other claim, "there may be less

reason to apply claim preclusion, but even that separation will lose some of its significance if the

events are closely related in time." *Id.* at 456–57; *see Allison*, 2019 WL 921436 at *12 (finding

that because the wrongful acts in both claims took place in the same city, the space factor

favored preclusion). Here, the claims in the state and federal cases are based on actions by

OHSU, and there are no allegations that would allow for an inference that any of those actions

took place outside of OHSU. Accordingly, the space factor weighs in favor of preclusion.

The origin factor refers to the harm that the defendant suffered. "If a party suffers various

kinds of harm to the same kind of interest by the same defendant, it is reasonable to expect that

all theories of recovery for those types of harm will be addressed in a single proceeding."

*Allison*, 2019 WL 921436 at *12 (citing *Whitaker*, 313 Or. at 457). In *Whitaker*, the plaintiffs'

first complaint was for a breach of contract that occurred when the defendants stopped making

payments to the plaintiffs. 313 Or. at 453. After that case was dismissed with prejudice, the

plaintiffs filed another complaint alleging the defendants conspired to change the terms of the

agreement and thereby caused the plaintiffs extreme emotional distress. *Id.* The court found that

the origins of these claims were related because both claims stemmed from the defendants'

failure to make payments to the plaintiffs. *Id.* at 457.

Here, the same type of connection exists between the prior state claims and those in the

present action. Plaintiff's prior claims were based on an alleged defamatory email sent by

defendant OHSU that was the direct result of OHSU's investigation into allegations of sexual

misconduct against plaintiff. *See* Defs.' Decl., Ex. 3 ¶¶ 40–92, ECF 12-3. That same misconduct allegation and investigation are the sources of plaintiff's current Title IX and § 1983 claims. The basis for plaintiff's Title IX claim is that there was an erroneous outcome in the investigation of the sexual misconduct allegation, and the basis for plaintiff's § 1983 claim is that he was denied due process during that very same investigation. Compl. ¶¶ 139, 169, ECF 1. Therefore, the origin factor weighs in favor of preclusion.

Motivation "can be a pivotal consideration." *Whitaker*, 313 Or. at 457. If a defendant commits a series of acts that could each give rise to an individual case, and "the victim of those acts is a single party[,] and the acts all were motivated by a common end, scheme or plan, it is reasonable to treat all the acts as a single occasion for judicial relief." *Id.*

Here, plaintiff is the lone victim, and based on plaintiff's allegations, defendants' actions in both lawsuits are allegedly motivated by the same purported scheme: that defendant was being overly-aggressive in responding to sexual misconduct allegations against plaintiff. According to plaintiff's state court complaint, the defamatory email was sent "to make up for [OHSU's] past wrongs, and to paint the picture that the allegations against Plaintiff were being pursued aggressively." Defs.' Decl., Ex. 3 ¶ 12, ECF 12-3. The result was a "biased investigation report" and a presumption of culpability "from the start." Defs.' Decl., Ex. 3 ¶¶ 31, 33, ECF 12-3. In the present action, plaintiff makes similar allegations with respect to defendants' motivation. In the federal complaint, plaintiff describes at length that defendants' posture was to overcorrect for its past failure to respond to sexual misconduct allegations, and this resulted in the flawed investigation and erroneous outcome.[2] Plaintiff contends that for years, OHSU was facing

---

[2] Plaintiff argues that its state complaint does not reference OHSU's historical failure to address complaints of sexual misconduct. Pl.'s Resp. 13, ECF 16. The state complaint, however, is

"student pressure regarding its failure to adequately address sexual misconduct complaints made against male students and faculty" and in fact drew "national media scrutiny" for its lack of action when faced with sexual assault complaints. Compl. ¶¶ 32, 34, ECF 1. As a result, plaintiff alleges that OHSU took "a hardline stance against Plaintiff, as a male accused, in order to make up for its past wrongs, and to paint the picture that the allegations against Plaintiff were being pursued aggressively." Compl. ¶ 46, ECF 1. This posture led to "gender-biased investigations, applied unfair procedures, and imposed disproportionate sanctions against male faculty and students accused of misconduct." Compl. ¶ 51, ECF 1. In sum, motivation is the same in the state and federal actions and thus favors preclusion.

Convenience refers to "the ability of the party against whom preclusion is asserted to try the party's various claims in a single proceeding." *Whitaker*, 313 Or. at 458. "The more complex and distinct each claim is, factually and legally, the less convenient it is to try all claims together." *Id.* On the other hand, if there is significant overlap between witnesses and the proof required in both cases, then it would be convenient to combine the claims. *Id.* at 450. The decision in *Handam v. Wilsonville Holiday Partners*, LLC, 221 Or. App. 493 (2008), is instructive. There, the plaintiff, a former hotel employee, brought an employment discrimination claim against a hotel owner and hotel management company. *Id.* at 495. The plaintiff obtained a default judgment from the hotel's management company, and went to trial against the hotel

---

replete with references to OHSU's lack of response to such allegations. *See*, *e.g.,* Defs.' Decl., Ex. 3 at 3, ECF 12-3 ("OHSU Faces Criticism for Failing to Adequately Address Claims of Sexual Misconduct Allegedly Committed by Male Students and/or Faculty."); Defs.' Decl., Ex. 3 ¶ 11, ECF 12-3 ("In the months leading up to the defamatory statements. . . OHSU students, as well as the public at large, openly accused the University of not taking its allegations of sexual misconduct seriously."); Defs.' Decl., Ex. 3 ¶ 12, ECF 12-3 ("[T]he past media coverage. . . prompted OHSU to spread defamatory statements regarding Plaintiff in order to make up for its past wrongs.").

owner and prevailed on the wrongful discharge claim, but lost on his other claims. *Id.* Because the hotel management company was unable to pay the default judgment, the plaintiff then sought payment from the hotel's owner. *Id.* at 496. The court observed that, to prevail, the plaintiff needed to show that the hotel management company was acting as an agent for the hotel owner and in performance of its duties as manager when the conduct giving rise to the default judgment took place. *Id.* at 501. The court observed that "[t]hose facts are similar to the facts necessary to establish an employer's vicarious liability for an employee's conduct," and found that the "convenience factor strongly favors preclusion." *Id.*

Here, the facts alleged in both the state and federal actions form a convenient trial unit and thus favor preclusion as well. Plaintiff's state court claims for defamation, libel, and false light require establishing that the statements pertaining to plaintiff's misconduct were false. *Neumann v. Liles*, 358 Or. 706, 711 (2016); *Muresan v. Philadelphia Romanian Pentecostal Church*, 154 Or. App. 465, 475 (1998). Similar proof would be needed to prevail in plaintiff's Title IX erroneous outcome claim because plaintiff must cast "articulable doubt on the accuracy of the outcome of the disciplinary proceeding." *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 947 (9th Cir. 2020). By extension and for convenience, the due process claims should likewise be combined with the other claims. Plaintiff's allegations in support of his Title IX claim rely heavily on showing that the investigation was defective because there was a lack of due process. Plaintiff alleges that "with *no findings made*, OHSU presumed [plaintiff] guilty and began the termination process even before an investigation was complete." Compl. ¶ 89, ECF 1. Plaintiff alleges he was unable to "meaningfully take part in a University investigation" and the investigator's draft report "relied almost entirely on the statements of Roe and her witnesses." *Id.*

¶¶ 90, 97. Additionally, plaintiff contends the investigator's final report "offered no opportunity for Plaintiff to appeal the findings." *Id.* ¶ 124.

As for similarity of the acts, the more closely related the acts that caused the plaintiff's harm are, the stronger the argument for preclusion. The same act repeated would suggest preclusion, whereas two entirely different acts, like physical assault and forgery, would offer less reason to combine actions. *Whitaker*, 313 Or. at 458–59. In *Tyler v. Horizon Project Inc.*, 26 F. Supp. 2d 1250 (D. Or. 1998), the court analyzed this factor in assessing the preclusive effect of a claim for unpaid wages on a later claim for wrongful termination "in retaliation for complaints and investigations concerning the amount of wages due her and other employees" filed pursuant to § 1983. The court found that these claims were "clearly connected" because the second action was based on conduct related to the first action. *Id.* at 1255. The court reasoned that because allegations in the first suit showed that Tyler was both aware of the conduct giving rise to the second suit and "considered defendants' actions to be unlawful," the acts were similar. *Id.*

Here, the acts in both cases are closely intertwined in the same way as in *Tyler* and thus favor preclusion. The claims in the state and federal cases are connected to one another by their dependency on the same acts, and like in *Tyler*, plaintiff's allegations in the state complaint make clear that he knew that defendants were engaging in the wrongful conduct that he complains of in his federal case. The allegedly defamatory email sent by OHSU to the biomedical engineering department was a result of the university's erroneous outcome, the basis of the Title IX claim. The erroneous outcome, according to plaintiff, was a result of defendants' flawed investigation, which is the basis of the due process claim. Plaintiff knew of these purportedly wrongful acts at the time the state claim was filed; according to plaintiff's state complaint, "[defendant's general counsel's] email found Plaintiff responsible before any investigation had even taken place," the

investigation was "biased," and "the University presumed Plaintiff responsible from the start." Defs.' Decl., Ex. 3 ¶¶ 28, 31, 33, ECF 12-3.

Because the factual allegations in both actions are closely related in time and space, the harms have the same origin and were the result of a common scheme, the claims form a convenient trial unit, and the acts that gave rise to the harms are similar, the claims in the instant case and the state action are based on the same factual transaction.

### C.    Whether the Claims Could Have Been Litigated Together

If a claim could have been joined in an earlier action, then there is "no excuse for not applying [claim preclusion] when that portion of the claim could have been readily disposed of in the original proceeding." *Whitaker*, 313 Or. at 461 (quoting *Stone v. Beneficial Standard Life Ins. Co.*, 273 Or. 594, 599 (1975)). The pivotal question is whether "the second action is based on facts that the plaintiff did not know and could not reasonably have known at the time of the first action." *Soren-Hodges v. Blazer Homes, Inc.*, 204 Or. App. 86, 93 (2006).

Plaintiff does not argue that the facts alleged in the federal action did not exist or were not known to him at the time the state action was filed. *See* Pl.'s Resp., ECF 16. In fact, all of the alleged conduct that gave rise to the federal action took place before the state action was filed in 2023. *See* Defs.' Decl., Ex. 2 at 22, ECF 12-2 (initial state complaint dated January 12, 2023); Defs.' Decl., Ex. 3 at 16, ECF 12-3 (amended complaint dated March 13, 2023). The results of the investigation and attendant lack of due process, which are the sources of both claims in the federal complaint, reached their conclusion with the final report on December 17, 2021. Compl. ¶ 110, ECF 1. Notably, this was even before the defamatory email that gave rise to the earlier state tort claims was sent. Defs.' Decl., Ex. 3 ¶ 34, ECF 12-3 (email sent on January 12, 2022).

Further, plaintiff's allegations in the state action make it readily apparent that he knew Title IX and due process claims were available or would have been available had he conducted a "reasonably diligent inquiry at the time of the first" action. *Soren-Hodges*, 204 Or. App. at 95. Plaintiff asserted in his state complaint that defendant's investigation report was "biased" and alleged that "OHSU used Plaintiff as a scapegoat to prove its commitment to Title IX in an attempt to clean up its public image" following accusations of "not taking [] allegations of sexual misconduct seriously." Defs.' Decl., Ex. 3 ¶¶ 31, 42, 11, ECF 12-3. Plaintiff's allegations also included references to a lack of due process during the investigation. He alleged that "[OHSU's general counsel] found [him] responsible before any investigation had even taken place" and that his work was "erased from the OHSU website, effectively removing [him] from his position before any formal findings had been made." Defs.' Decl., Ex. 3 ¶ 28–29, ECF 12-3. Based on plaintiff's allegations in the state complaint, it is apparent that he knew at the time he filed the state action that he could have joined the present claims.

In sum, plaintiff is bringing this federal action against the same parties, for additional remedies, based on the same factual transaction as the prior state action, and there is no reason why all of the claims could not have been brought together in the state court action. All of plaintiff's claims should have been resolved in that single proceeding. Plaintiff had "an obligation under Oregon law to assert all claims, alternative legal theories, and possible grounds for relief" at the time he brought his complaint in state court but failed to do so. *Dauven*, 390 F. Supp. 3d at 1279. The court has an "obligation" to "strictly apply the principles of *res judicata*" so that plaintiffs may not bring "a new lawsuit every time they come across a new legal theory upon which they might seek address." *Id.*

Accordingly, claim preclusion bars plaintiff's claims. It is unnecessary to consider defendants' argument that plaintiff's claims are barred by the statute of limitations.

## RECOMMENDATIONS

Because claim preclusion applies to plaintiff's claims, defendants' motion to dismiss should be granted, and this case should be dismissed with prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Wednesday, November 06, 2024.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  October 23, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

15 – FINDINGS AND RECOMMENDATIONS